## Case No. 16,491.

### UNITED STATES v. THOMPSON.

[2 Spr. 103;[1] 27 Law Rep. 24.]

District Court. D. Massachusetts. March, 1864.

#### DESERTIONS FROM NAVY—WHO ARE ENLISTED SEAMEN.

Under the act of congress of 1855, c. 136, § 11 [10 Stat. 628], making the enticing a seaman who has enlisted, to desert, an offence, a seaman who has passed the examination at the naval rendezvous merely, and has not been examined and passed on the receiving ship, is not enlisted.

[Cited in Tyler v. Pomeroy, 8 Allen, 502.]

The defendant was indicted for enticing one Joseph Lovett, a seaman in the navy, to desert. The indictment was found under the act of congress of March 2, 1855, c. 136, § 11 (10 Stat. 628), which provides that "any person who shall entice any seaman, ordinary seaman, landsman or boy, who may have enlisted in the naval service of the United States, to desert therefrom," shall, upon conviction thereof, be punished by fine or imprisonment. At the trial, the evidence showed that Lovett, who had previously been in the navy, and whose term of service had expired, came to the United States naval rendezvous in Boston, to re-enlist, and passed through all the necessary steps there on the 1st of October, 1863. He was examined and passed by the surgeon, and his descriptive and transcript lists made out and given to the commanding officer of the rendezvous. He took the oath required by the act of congress of July 2, 1862, c. 128 (12 Stat. 502), signed the naval shipping articles, which stated, among other things, his "term of enlistment," and "date of enlistment," and received the following orders to go on board the receiving ship, and for his advance:

"United States Naval Rendezvous,
"Boston, Oct. 1, 1864.
"Sir,—Please receive on board Joseph Lovett, enlisted this day by me, for the general service, for three years, as seaman; monthly pay is twenty dollars. Honorable discharge.
"(Signed)
"Saml. R. Knox, Recruiting Officer.
"To the Commanding Officer of Receiving Ship."

"United States Naval Rendezvous,
"Boston, Oct. 1, 1864.
"There is due to Joseph Lovett, seaman, sixty dollars advance, and one hundred dollars bounty, payable by the paymaster of the receiving ship on his delivery on board ship in good order and time. The debt of security is to be paid from the advance.
"(Signed)
"Saml. R. Knox, Recruiting Officer."

And every thing necessary to his enlistment, so far as the officer in charge of recruiting at the naval rendezvous was concerned, was

completely performed according to the instructions of the navy department, which were introduced and read at the trial. Lovett went to the receiving ship; but when he reached it, was so intoxicated that the commanding officer, in pursuance of the eleventh section of said instructions, declined to receive him until he became sober. Lovett then left the ship, saying he would report in the morning. Before the morning, the defendant met him and induced him, by representations as to the great bounty he would receive on enlisting into the army, not to return to the vessel, but to enlist in the army.

Upon this state of facts, the defendant contended that Lovett had not, at the time when the alleged enticement took place, enlisted into the naval service, and was not then a seaman in the navy; that the contract of enlistment was not complete, and Lovett not enlisted until he had been examined by the surgeon on board the receiving ship, accepted there, and his name entered on the books of the ship.

It was argued for the government that the enlistment was perfected, and the contract complete at the rendezvous; but that the navy department reserved the right to discharge any enlisted man who, on being received on board ship, and examined there, did not appear physically strong enough for his work. It was shown in evidence, that no recruit coming from any naval rendezvous, and who had passed through all the forms there, was ever allowed his advance, or any pay, or had his name recorded on the paymaster's books, until he had passed the surgeon on board the receiving ship.

T. K. Lothrop, Asst. U. S. Atty.
J. H. Bradley, for defendant.

SPRAGUE, District Judge. The defendant is indicted for enticing one Lovett, an enlisted seaman in the navy, to desert. The defendant objects that Lovett was not enlisted, and that is the question I have to decide. Enlistment must be deemed to be a contract between the party and the government. The evidence in this case, and the regulations of the department, show that certain acts are all to be done at the naval rendezvous, an examination to be had, a paper to be signed, a document to be received, and the recruit is then to go to the receiving ship. There another ordeal is to be passed, and further proceedings had. In this case the person desiring to enlist passed the rendezvous and presented himself at the receiving ship so intoxicated that the officers would have nothing to do with him; and at this stage of the proceedings the enticing, if any, took place. The regulations provide that the name of the recruit shall not be entered upon the books of the receiving ship, or his advance paid him, until, after an examination by the commander of the ship and his medical officer, he shall be found fit for service; and that

[1] [Reported by John Lathrop, Esq., and here reprinted by permission.]

then, and not till then, he shall be entitled to, and receive his advance. He is not received as a seaman until then, he is not entitled to any thing till then. The papers received from the officer in command of the rendezvous, do not entitle him to get his advance, unless he has passed the surgeon on board the receiving ship. They are merely documents to enable the recruit to pass the next stage in the proceedings; but he is not entitled to any thing on these alone. Now if the seaman, on signing the papers and passing the rendezvous, was not entitled to any thing, then the contract for service on the one hand, and pay on the other, had not been completed; the seaman had not enlisted, and so was not a deserter.

A verdict of acquittal was accordingly taken, in conformity with this opinion.